ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 21 PM 1:05

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WALLACE MILTON SEARCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 303-046 |
| v. ) | |
| ) | |
| RALPH KEMP, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Wallace Milton Searcy, a *pro se* litigant, commenced this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Defendants' motion for summary judgment. (Doc. no. 48). Plaintiff opposes the motion. (Doc. nos. 54 & 55). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion be **GRANTED**, that Plaintiff's claims be **DISMISSED** without prejudice, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendants.

### I. FACTS

Plaintiff is an inmate confined at Mens State Prison in Hardwick, Georgia. However, the events giving rise to this lawsuit occurred while Plaintiff was incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. According to Plaintiff, on August 15, 2002, he caught a fellow inmate stealing items from his locker box and reported this alleged theft to a prison official. (Doc. no. 2, Compl., p. 5). From that point, the inmate whom

Plaintiff had reported for stealing items allegedly began to threaten Plaintiff with physical harm. (Id. at 5-6). Plaintiff states that he reported these threats to prison officials, including Defendants Kemp, Wells, Bryant, Burnett, Cotton, Gaines, and Gillis and also requested a new housing assignment because he feared the inmate whom he had reported for stealing would harm him. (Id. at 6). Plaintiff was not moved, and on August 31, 2002, he alleges that the fellow inmate attacked him. (Id.). Both he and the other inmate were then placed in segregation, but the disciplinary charges against Plaintiff were eventually dropped. (Doc. no. 55, Searcy Aff., ¶ 2). Plaintiff was transferred away from WCF on September 12, 2002. (Id.).

Plaintiff states that he utilized the grievance procedure at WCF to present the facts of this case to prison officials, but his grievance was denied at the institutional level. (Compl., p. 3). Plaintiff concedes that he did not file an appeal of his grievance. (Id. at 4). However, he contends that he exhausted his administrative remedies because he successfully refuted disciplinary charges stemming from the August 31st altercation with the inmate who had allegedly been threatening him after the August 15th theft from his locker box. (Doc. no. 54, ¶ 8 and Ex. 3).

Defendants deny that they violated Plaintiff's rights. They contend that they are entitled to summary judgment because they had no prior knowledge of a threat to Plaintiff's safety, and therefore Plaintiff cannot meet the objective and subjective components of a deliberate indifference claim. (Doc. no. 49, pp. 3-4). Moreover, they claim that they should be awarded summary judgment because they cannot be held liable when they did not personally participate in the alleged constitutional violation. (Id. at 4). Finally, Defendants

2

contend that they are entitled to summary judgment because Plaintiff failed to satisfy the requirement of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) that he exhaust his administrative remedies prior to commencing suit in federal court. (Doc. no. 49, pp. 5-6).

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") on grievances that was in effect at the time of the August 2002 incident, a grievance had to be filed within five (5) calendar days of the date that the inmate knew about the incident giving rise to the complaint and was able to file the grievance; this time limit could be waived for good cause shown. (SOP IIB05-0001 § VI(D)(6) (Eff. date Aug. 15, 2001)).[1] Once the Warden issued a response to the grievance, the inmate had four (4) calendar days in which to decide whether to accept the response or to appeal to the Office of the Commissioner for the Department of Corrections. (Id. § VI(D)(6)(h),(k),(1)). The Commissioner's Office had ninety (90) days to respond, and the grievance procedure terminated with the issuance of the Commissioner's Office's response. (Id. § VI(D)(6)(o)).

Plaintiff filled out grievance number 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 and submitted it to his counselor on August 22, 2002. (Doc. no. 51, Ex. I). In that grievance, Plaintiff complained that certain items had been stolen from his locker on August 15, 2002 and that he had been threatened by unnamed inmates; he also asked to be moved to a different Unit at WCF. (Id.). Warden

---

[1]The Court notes that although Defendants made legal arguments concerning the grievance procedure and their exhibits include citations to the relevant SOP, they failed to include a copy of the SOP in their briefing papers. Nevertheless, the Court can take judicial notice of the regulations that have been submitted numerous times to the Court. See, e.g., Dennis v. Lingard, CV 603-136 (S.D. Ga. Apr. 15, 2004), doc. no. 19, Ex. H; United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

3

Kemp denied and terminated the grievance as untimely under the five-day filing policy. (Id.). In the text of his grievance, Plaintiff neither offered an explanation for the timing of his complaints or requested permission to have the filing time limit waived. (Id.). Nor is there any evidence in the record that Plaintiff ever subsequently challenged Warden Kemp's determination that the grievance was untimely or sought permission to pursue an out-of-time grievance. Notably, there is also no evidence in the record that after the August 31, 2002 altercation with another inmate Plaintiff filed a grievance complaining about WCF staff failing to protect him.[2]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[3] Anderson v.

---

[2]Plaintiff emphasizes that he was subsequently found not guilty of the disciplinary charges that had been filed against him as a result of the August 31st altercation and includes a copy of a written witness statement dated August 31, 2002 in which he complains about not having his housing assignment changed after his locker was broken into. (Searcy Aff., ¶ 2 & Attach. 2). However, according to the relevant SOP, "The disciplinary appeal procedure and the grievance procedure are mutually exclusive." SOP IIB05-0001 § VI(B)(2)(b). Moreover, the disciplinary appeal procedure was apparently never invoked because Plaintiff was found not guilty of the charges written in the disciplinary report stemming from the August 31st altercation. In any event, by the time of the August 31st altercation, over two weeks had passed from the date of the event triggering Plaintiff's fear for his safety and forming the basis for his request for a housing assignment change.

[3]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t[he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III. DISCUSSION

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the PLRA, § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive

6

the exhaustion requirement.[4] Id. at 1325; see also Brown v. Hobbs, No. 03-14966, slip op. at 3 (11th Cir. Mar. 11, 2004) (finding that "exhaustion is mandatory" in prisoner lawsuit alleging deliberate indifference). Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, satisfying the exhaustion requirement includes pursuing the issue of filing an out-of-time grievance. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*) (exhausting administrative remedies is "precondition to filing an action in federal court"); Miller v. Tanner, 196 F.3d 1190, 1192-93 (11th Cir. 1999) (same).[5]

Here, there is no dispute between the parties that Plaintiff failed to file an appeal of grievance number 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. Plaintiff argues that he could not file an appeal because the grievance was terminated at the institutional level. Moreover, he contends that because he was adjudicated not guilty of the disciplinary charges associated with the altercation which he maintains WCF should have protected him from experiencing, he should be deemed to

---

[4]Suits regarding "prison conditions" include claims "with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison." Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000)(*per curiam*). Accordingly, Plaintiff's complaints regarding a failure to protect him from another inmate are subject to the administrative exhaustion requirements.

[5]The Court first raised the exhaustion issue when screening Plaintiff's complaint. (See doc. no. 9). Nevertheless, when Plaintiff claimed that he had been told he could not file an appeal, the Court allowed the case to go forward on the assumption that Plaintiff had somehow been improperly prevented from utilizing the grievance procedure. However, Plaintiff was cautioned at that early stage that satisfying the exhaustion requirement included pursuing the issue of filing an out-of-time grievance. (See doc. no. 14, p. 3 n.2).

7

have exhausted his administrative remedies. However, Defendants correctly point out that Plaintiff failed to file grievance number 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 in a timely fashion. As the Eleventh Circuit explained in Harper:

> Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies. If we were to accept appellant's position--that the filing of an untimely grievance exhausts an inmate's administrative remedies--inmates, such as appellant, could ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance.

Harper, 179 F.3d at 1312.

Nor can the Court accept the argument that failing to timely file a grievance or to request permission to file an out-of-time grievance can be excused by challenging disciplinary charges that arose <u>after</u> the time period for filing a grievance expired. Not only does such an argument allow Plaintiff to circumvent the exhaustion requirement, but it also ignores the clear statement in the SOP that the disciplinary process and the grievance process are "mutually exclusive." SOP IIB05-0001 § VI(B)(2)(b). Therefore, the Court concludes that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

Accordingly, no genuine issue of material fact exists as to Plaintiff's failure to comply with the PLRA's exhaustion requirement. Therefore, pursuant to 42 U.S.C. § 1997e(a), Defendants are entitled to summary judgment. Nevertheless, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, while the Court finds

that the above-captioned case should be closed based on Plaintiff's failure to exhaust his administrative remedies, his claims should be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion be **GRANTED**, that Plaintiff's claims be **DISMISSED** without prejudice, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendants.[6]

SO REPORTED and RECOMMENDED this 21st day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] Because of the Court's determination of the issues analyzed *supra*, the Court does not reach the remaining grounds enumerated in Defendants' motion for summary judgment.

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Wallace M. Searcy, Pro-se
Stephen E. Curry, Esq.

CASE NO:        CV303-046
DATE SERVED:    July 21, 2005
SERVED BY:      Cindy Reynolds cr

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate