ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 11 PM 2: 24

CLERK B McCarthy
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WALLACE MILTON SEARCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CV 303-046 |
| v. | ) |
| | ) |
| RALPH KEMP, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and that Plaintiff's claims be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing this case. The Magistrate Judge explained that Plaintiff had neither timely filed a grievance or requested permission to file an untimely grievance. (Doc. no. 56, p. 8). In an effort to respond to that analysis, Plaintiff submitted with his objections a copy of a grievance dated July 28, 2005, in which he complains about the issues forming the basis for this lawsuit. (Doc. no. 58, Ex. A). Plaintiff argues that this belated grievance - submitted almost three years after the occurrence of the events at issue - represents his "good faith" effort to create an issue of fact in this case. (Doc. no. 58, p. 4).

Since the Magistrate Judge issued his Report and Recommendation, the Eleventh Circuit has again emphasized the importance of a prisoner exhausting administrative

remedies prior to filing a federal lawsuit. Johnson v. Meadows, -F.3d-, No. 03-15636, 2005 WL 1718602 (11th Cir. July 26, 2005). In Johnson, the Court of Appeals held that:

> the PLRA's exhaustion requirement does contain a procedural default component: Prisoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim. Therefore, Johnson's grievance, which he filed out-of-time and without good cause, is not sufficient to exhaust his administrative remedies for purposes of the PLRA exhaustion requirement.

Id. at *6. The court specifically recognized that to allow a prisoner to "exhaust" administrative remedies by spurning them until it was too late would eviscerate the intent of the PLRA and would deprive prison officials of the opportunity to take corrective action prior to the commencement of litigation. Id. at *5. Ultimately, the district court was instructed to dismiss the prisoner's case for failing to exhaust administrative remedies. Id. at *6.

Here, Plaintiff's belated grievance does nothing to alter the Magistrate Judge's accurate analysis that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies. That is, there is nothing to suggest that Plaintiff properly sought permission to file an untimely grievance <u>prior to</u> commencing this litigation. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Defendants' motion for summary judgment is **GRANTED**, Plaintiff's claims are **DISMISSED** without prejudice, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Defendants.

SO ORDERED this 11th day of August, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2

# United States District Court
## *Southern District of Georgia*

**ATTORNEYS SERVED:**

Stephe E. Curry, Esq.
Wallace Milton Searcy, Pro-se

CASE NO: CV303-046
DATE SERVED: August 11, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☑ Copy given to Judge
☑ Copy given to Magistrate